SADLER, J., concurring in part and dissenting in part.
 

 {¶ 53} I concur with the majority's holding in the first, second, third, and sixth assignments of error. I disagree with the majority's holding in the fourth assignment of error that the admission of Laverne Kemp's alleged prior acts statement is not harmless. For the fifth assignment of error, I concur with the majority's holding in regard to the ethnic intimidation conviction but disagree with the majority's holding that Detective Larry Wilson's improper bolstering of Kemp's credibility warrants reversal of the disorderly conduct conviction. Accordingly, I respectfully concur in part and dissent in part.
 

 {¶ 54} For purposes of clarity, I will begin by addressing the fifth assignment of error. In the fifth assignment of error, the majority opinion finds Wilson's bolstering of Kemp's credibility constitutes error and is not harmless in regard to both the disorderly conduct and ethnic intimidation convictions. The city concedes that Wilson's opinion testimony regarding Kemp was improper.
 

 {¶ 55} In my opinion, the error in admitting Wilson's opinion testimony on Kemp's credibility was harmless as to appellant's conviction for disorderly conduct. As noted by the majority, only those prejudicial errors that affected the substantial rights of the criminal defendant, in other words, errors that affected the outcome of the trial, warrant reversal for a new trial.
 
 State v. Fisher
 
 ,
 
 99 Ohio St.3d 127
 
 ,
 
 2003-Ohio-2761
 
 , ¶ 7,
 
 789 N.E.2d 222
 
 .
 

 {¶ 56} First, I note the jury did not return a verdict on the assault charge, a charge in which the city attempted to prove appellant "knowingly" attempted to cause physical harm to Michael Harris largely based on Kemp's testimony as to her opinion of appellant's state of mind. I believe the jury's no-verdict result on the assault charge demonstrates that Kemp's credibility had a low impact on its overall verdict.
 
 State v. Armengau
 
 , 10th Dist. No. 14AP-679,
 
 2017-Ohio-4452
 
 , ¶ 77,
 
 2017 WL 2687434
 
 ("[T]he jury's decision to reject some counts as to certain accusers, and all counts as to others, again indicates that the jury did not allow the contested evidence to taint the overall verdict.").
 

 {¶ 57} Second, unlike the ethnic intimidation charge, evidence other than Kemp's testimony supports the disorderly conduct conviction. Disorderly conduct under Col. City Code 2317.11(A) required the city to prove appellant recklessly caused inconvenience, annoyance, and harm to Harris by threatening harm to his person and engaging in violent or turbulent behavior by charging Harris and needing to be restrained. Harris testified while he was working out on a treadmill at a gym, appellant, someone Harris did not know and had not seen before, jumped off his treadmill and came after Harris at a high speed "huffing and puffing" with an angry look on his face. (Tr. at 19.) Harris testified he felt threatened by appellant's body language, and Kemp and another person grabbed appellant and asked him to calm down. I believe Harris's testimony alone supports the disorderly conduct conviction.
 

 {¶ 58} Therefore, unlike the majority, I do not believe Kemp's bolstered credibility was prejudicial to appellant in regard to the disorderly conduct verdict. As a result, I would overrule the fifth assignment of
 error in regard to the disorderly conduct and affirm that conviction.
 

 {¶ 59} Under the fourth assignment of error, the majority holds the trial court's admission of Kemp's contention that "Michael Harris" previously served prison time constitutes reversible error. (Tr. at 43.) In my opinion, whether a prior act statement
 
 about appellant
 
 was made in the first place is questionable. I do not believe it is out of the realm of possibility that the jury understood the prosecutor's question about "Michael Harris" to elicit a response about Michael Harris.
 

 {¶ 60} Regardless, the admission of Kemp's statement is harmless error. As noted by the majority, in
 
 State v. Morris
 
 ,
 
 141 Ohio St.3d 399
 
 ,
 
 2014-Ohio-5052
 
 ,
 
 24 N.E.3d 1153
 
 , syllabus, the Supreme Court of Ohio states in determining whether to grant a new trial as a result of the erroneous admission of evidence under Evid.R. 404(B), an appellate court must consider both "the impact of the offending evidence on the verdict and the strength of the remaining evidence after the tainted evidence is removed from the record."
 

 {¶ 61} In my opinion, the impact of Kemp's statement was low. Even if the prosecutor meant to say appellant's name and Kemp's response was about appellant, Kemp actually said the victim's name, Michael Harris. The name mix up, at minimum, is confusing. The jury could have thought Kemp was stating the victim had a record, resulting in prejudice to the victim rather than appellant. In addition, the prosecutor did not solicit the remark or emphasize the point in front of the jury; the prosecutor's statements to the judge out of the jury's hearing are not prejudicial.
 
 State v. Barnes
 
 , 8th Dist. No. 92512,
 
 2010-Ohio-1659
 
 , ¶ 38,
 
 2010 WL 1500566
 
 . Furthermore, I believe the remaining evidence, Harris's testimony in particular, is strong and supports appellant's conviction for disorderly conduct. Therefore, I would find, on this record, the admission of Kemp's statement constitutes harmless error in regard to the disorderly conduct conviction. Because I agree with the majority in sustaining appellant's fifth assignment of error in regard to the ethnic intimidation conviction, appellant's argument regarding ethnic intimidation in the fourth assignment of error is rendered moot.
 

 {¶ 62} Considering all the above, I would overrule appellant's first, second, third, and fourth assignments of error, overrule in part and sustain in part appellant's fifth assignment of error, and overrule appellant's sixth assignment of error as moot. The fifth assignment of error would be sustained in part concerning appellant's conviction for ethnic intimidation but overruled in part regarding his convictions for disorderly conduct and aggravated menacing. Accordingly, I would affirm appellant's convictions for disorderly conduct and aggravated menacing, vacate appellant's conviction for ethnic intimidation, and remand this cause for a new trial on that charge. Because the majority holds otherwise, I concur in part and dissent in part.